Filed in the DISTRICT COURT
Kay County, Oklahoma
PONCA CITY DIV.

JUL 0 5 2016

MARILEE THORNTON, Court Clerk
BY_____ DEPUTY

IN THE DISTRICT COURT OF KAY COUNTY
STATE OF OKLAHOMA

TAMMY SNETHEN (now Rein), )
)
    Plaintiff, )
)
vs. ) Case No. CJ-2016- 114 PC
)
STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY, )
)
    Defendant. )

## PETITION

COMES NOW Plaintiff, Tammy Terry Snethen-Rein and for her causes of action against the above named Defendant, State Farm Mutual Automobile Insurance Company, alleges and states as follows:

1. On or about October 14, 2012, Plaintiff, Tammy Snethen (now Rein), had an automobile insurance policy with State Farm Mutual Automobile Insurance Company (STATE FARM), policy number 1201268-A23-36A, ("POLICY").

2. The POLICY insured Plaintiff with underinsured motorist coverage in the amount of $25,000.00.

3. On October 14, 2012, Plaintiff was involved in an automobile wreck and she was physically injured.

4. Plaintiff notified STATE FARM about the automobile accident and STATE FARM assigned claim number 36-203K668 to Plaintiff's potential claim for underinsured motorist benefits.

4. On or about November 15, 2013, STATE FARM was advised that the at-fault driver in the car wreck had offered their liability insurance limits of $50,000.00 to settle Plaintiff's liability


EXHIBIT 1

claim. Plaintiff made demand under her underinsured insurance coverage for payment of additional benefits.

5. On or about July 10, 2014, Plaintiff received written confirmation from STATE FARM that it did not believe Plaintiff was entitled to any of her underinsured motorist coverage, and that Plaintiff has been fully compensated in the settlement with the at-fault driver.

### First Cause of Action
### (Breach of Contract)

6. That STATE FARM had contractual obligations to Plaintiff as its insured, pursuant to the insurance contract, statute and regulatory guidelines.

7. That STATE FARM breached its contractual obligations with Plaintiff by refusing to pay her underinsured motorist benefits for damages she incurred in the October 14th car wreck.

As a direct and proximate result of Defendant's wrongful conduct as alleged above, Plaintiff suffered damages, with said damages totaling in excess of $75,000.00.

### Second Cause of Action
### (Breach of the Duty of Good Faith and Fair Dealing)

8. In connection with the insurance coverage that was in force at all times relevant to this Petition, STATE FARM owed Plaintiff a duty of good faith and fair dealing with respect to the handling of her insurance claim.

9. That with respect to the handling of Plaintiff's underinsured motorist claim and STATE FARM's refusal to pay Plaintiff underinsured motorist benefits, STATE FARM breached its duty to deal with its insured fairly and in good faith.

10. As a direct and proximate result of Defendant's wrongful conduct as alleged above, Plaintiff suffered damages, including mental anguish, frustration and anger, with said damages totaling in excess of $75,000.00.

Wherefore, premises considered, Plaintiff seeks judgment against the Defendant in an amount in excess of $75,000.00, plus court costs, attorney fees, prejudgment interest, post-judgment interest, and what other further relief this Court deems equitable and just.

Respectfully submitted,

MARTIN JEAN & JACKSON

By: _____
Scott R. Jackson, OBA # 17502
P.O. Box 1588
Ponca City, OK 74602
(580)765-9967 Telephone
(580)763-0570 Facsimile
sjackson@mjjlawfirm.com

**ATTORNEY LIEN CLAIMED**